UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. COOMER,

    Plaintiff,                          Case No. 3:16-cv-411

vs.

COMMISSIONER OF                      District Judge Thomas M. Rose
SOCIAL SECURITY,                    Magistrate Judge Michael J. Newman

    Defendant.

## REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) THIS CASE BE CLOSED

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), the administrative record (doc. 4), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.     Procedural History**

Plaintiff filed an application for SSI and DIB asserting disability as of December 23, 2008 on account of a number of impairments including diabetes mellitus, hypertension, cataracts, and borderline intellectual functioning.  PageID 38.

After an initial denial of his application on July 9, 2015, Plaintiff had a hearing before ALJ Mark Mockensmith.  PageID 53-79.  On July 23, 2012, the ALJ issued a written decision finding Plaintiff not disabled.  PageID 35-44.

0Thereafter, the Appeals Council denied review on August 3, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 26-29. Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec*., 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B.     Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case.  PageID 37-43.  Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ.

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.

*Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant, however, bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues the ALJ's Step Five determination -- that Plaintiff can perform a significant number of jobs in the national economy -- is unsupported by substantial evidence, because the ALJ failed to account for Plaintiff's need for the refrigeration of his insulin in his hypothetical question to the vocational expert ("VE"). Doc. 8 at PageID 1476.

At Step Five, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citation omitted). "This kind of 'substantial evidence may be produced through reliance on the testimony of a [VE] in response to a 'hypothetical' question, but only if the question accurately portrays [Plaintiff's] individual

4

physical and mental impairments.'" *Id.* (internal citation omitted). In formulating the hypothetical, the ALJ needs to incorporate only those limitations that he or she accepts as credible. *See Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff argues that the ALJ failed to question the VE about the impact the need of refrigeration would have on the availability of jobs. Doc. 8 at PageID 1476. Plaintiff testified before the ALJ that he uses an insulin pen, and that "most of the time[] it's got to be refrigerated." PageID 71, 78. According to Plaintiff, once the ALJ heard this VE testimony, the ALJ then had the burden of "inquiring into the issue further" and asking the VE questions "regarding the impact such need would have on the availability of jobs." Doc. 8 at PageID 1476.

The Court disagrees with Plaintiff's description of the ALJ's burden. Plaintiff has not provided the Court with a doctor's note, or any other medical evidence to suggest that refrigeration is required for the use of his insulin pen.[4] The Court further notes that Plaintiff's own testimony was only that he needed to refrigerate his insulin pen "most of the time[] [sic]", but not all of the time. PageID 71, 78.

The Sixth Circuit has held that a hypothetical question need only include a claimant's *credible* impairments and limitations. *Stanley v. Sec'y of Health and Human Services,* 39 F.3d 115, 118 (6th Cir. 1994) (holding "the ALJ is not obligated to incorporate unsubstantiated complaints into his hypotheticals"); *Bartyzel v. Comm'r of Soc. Sec.,* 74 F. App'x 515, 524 (6th Cir. 2003) (holding that "[t]he rule that a hypothetical question must incorporate all of the claimant's physical and mental limitation does not divest the ALJ of his or her obligation to

---

[4] The Court notes that the majority of all types of insulin should not be kept at temperatures exceeding 86 degrees Fahrenheit. The Court further notes cooling wallets are available through many diabetes supply companies to keep insulin pens at a safe temperature without the need for refrigeration. The Court further notes these reusable wallets have liners filled with crystals that once immersed in water for 10-15 minutes can keep insulin cool for up to 48 hours. *See Beware of Summer Extremes With Insulin*, Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/diabetes/expert-blog/diabetes-blog/BGP-20056534 (last visited 6/29/2017).

assess credibility and determine facts. In fashioning the hypothetical question to be posed to the vocation expert, the ALJ is required to incorporate only those limitations accepted as credible by the finder of fact"). The ALJ's hypothetical question was supported by the medical record, and Plaintiff has not shown that he had limitations greater than those reflected in the ALJ's hypothetical question and eventual RFC finding.

As to Plaintiff's testimony that his insulin pen needed refrigeration most of the time, the ALJ was free to "present a hypothetical to the VE on the basis of his own assessment." *See Jones*, 336 F.3d at 476. As discussed above, the medical evidence did not support Plaintiff's alleged limitation, and there is no credible medical opinion that shows that Plaintiff had greater limitations than the ALJ found. On this record, the Court finds that the ALJ properly chose not to include as a limitation Plaintiff's uncorroborated and ambiguous statement that his insulin needed to be refrigerated "most of the time[]".

Furthermore, as noted by the Commissioner, Plaintiff was represented by an attorney at the hearing and had an opportunity to question the VE. Doc. 9 at PageID 1486 (citing PageID 77-78). Yet, his attorney chose not to ask the VE any questions. PageID 77-78. *See McClanahan v. Com'r of Soc. Sec.,* 474 F.3d 830, 837 (6th Cir. 2006) ("[C]ounsel may not now complain because he failed to cross examine [the medical expert] when he had an opportunity to do so . . . "); *Baranich v. Barnhart,* 128 F. App'x 481, 489–90 (6th Cir. 2005) (finding no error when the attorney abandoned questioning of the VE). If either Plaintiff or his attorney felt that clarification from the VE -- as to whether a significant amount of jobs would permit Plaintiff to refrigerate his insulin pen -- it was up to Plaintiff's counsel to seek clarification at the time of the hearing, not after the fact. *See McCommons v. Astrue,* No. 10-cv-14992, 2012 WL 1986418, at *11 (E.D. Mich. Mar. 13, 2012) (holding that "when claimants are represented by counsel, they

must raise all issues and evidence at their administrative hearings in order to preserve them on appeal")); *Pena v. Charter,* 76 F.3d 906, 909 (8th Cir. 1996) (a claimant who fails to list alleged disabling condition in application for benefits, or testify to condition at administrative hearing, waives ability to raise issue on appeal, regardless of whether evidence exists in the record to support claim)).

Accordingly, the Court finds the ALJ's Step Five determination and reliance on the VE's testimony within that "zone of choice within which decision makers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence. Therefore, Plaintiff's single assignment of error is hereby overruled.

## IV.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:  June 29, 2017                        s/ Michael J. Newman
                                                                          Michael J. Newman
                                                                          United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).